UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LACAL L. WILSON                                          CIVIL ACTION

VERSUS                                                         NO. 15-5003

WARDEN N. BURL CAIN                                 SECTION: "T"(1)

ORDER AND REASONS

      Plaintiff, Lacal L. Wilson, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, is a frequent litigant in federal court, having filed or attempted to file numerous federal civil rights actions pursuant to 42 U.S.C. § 1983 and habeas corpus petitions pursuant to 28 U.S.C. § 2254. Although he filed this instant action on a form to be used by prisoners seeking relief under § 2254, he states that he is in fact filing this as a "civil rights action"[1] seeking "damages, a declaratory and injunctive relief under 42 USC 1983, alleging deliberate indifference to my safety and welfare in violation of the 8th 6th, Fifth, and 14th Amendment to the United States Constitution."[2] Specifically, he claims that he is not "receiving his mental and medical medication as needed … [and] he has been hallucinating and can't sleep through the day and night …"[3] Therefore, this despite plaintiff's use of a habeas corpus form, the Court hereby construes this action as one filed pursuant to 42 U.S.C. § 1983. See Price v. Director, TDCJ-CID, Civ. Action No. 6:07cv162, 2007 WL 4146675 (E.D. Tex. Nov. 19, 2007). However, venue for this action does not lie in this Court.

---

[1] Rec. Doc. 4-1, p. 4.
[2] Rec. Doc. 4-1, p. 6; see also Rec. Doc. 4-2, p. 1.
[3] Rec. Doc. 4-1, p. 5.

Because § 1983 contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute.  See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973).  That statute provides:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, no defendant is alleged to reside in the Eastern District of Louisiana, and no part of the events or omissions giving rise to plaintiff's claims are alleged to have occurred within this district.  However, it appears that all of those events or omissions occurred at the Louisiana State Penitentiary in West Feliciana Parish, which lies within the geographical boundaries of the United States District Court for the Middle District of Louisiana.  28 U.S.C. § 98(b).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice.  Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).  Because venue is not proper in the Eastern District of Louisiana but would be proper in the Middle District, the

Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Middle District of Louisiana for further consideration.

Accordingly,

**IT IS ORDERED** that plaintiff's application is **CONSTRUED** as a federal civil rights action seeking relief pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the instant matter is **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this nineteenth day of October, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**